[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal taken from decision of the Town of Oxford Board of Assessment Appeals brought pursuant to Gen. Stat. Sec. 12-117a.
The plaintiffs, on October 1, 2000, were the owners of certain real estate, land and building, located at 11 Larkey Road, Oxford, Connecticut. Said site contains the plaintiffs' residence and consists of approximately 4.41 acres and is classified as residential property. The residence is a single family, ranch-style house built in 1979, and consisting of approximately 1,935 sq. ft. of living space.
The defendant, Town of Oxford, pursuant to Chapter 203 of the Connecticut General Statutes, in the exercise of its power of taxation conducted a revaluation of all of the real and personal property in Oxford, which revaluation was reflected in the grand list of October 1, 2000. The town engaged the services of Lesher Glendinning Municipal Services, Inc. ("Lesher") to conduct the revaluation.
Lesher established an assessment value of the plaintiffs' land at $63,637 and the dwelling thereon, at $91,847 for a total assessment of $155,490 which represented 70 percent of the fair market value they set at $222,120. The court notes that the original revaluation notice set a fair market value of $230,590 and a 70% value of $161,410.
The plaintiff appealed this valuation and assessment to the Board of Assessment Appeals of the town of Oxford. The defendant board denied the appeal on May 22, 2001. This appeal followed.
After a full hearing, with the defendant represented by counsel and the plaintiff (Lorraine Tirella) appearing pro se, the court, based on a preponderance of the credible, relevant, and legally admissible evidence, finds the facts and concludes as follows:
The plaintiffs provided no expert, but plaintiff testified as an owner CT Page 101 of the premises. The testimony of the plaintiff dwelled on the valuation the town had attributed to their property in relation to the sale price of an adjacent property (#33 Larkey Road, Oxford, CT) that had sold in January of 1999 for $180,000 (plaintiff's exhibit #3). The plaintiff further argued that the property was set some 1,400' off the road, was near the airport, was only in fair condition and did not have a full basement. Plaintiff argued that the $180,000 amount, represented by the January 1999 sale of 33 Larkey Road should be the fair market value for their property.
The defendant's expert appraiser, Douglas Kidd, utilizing the comparable sales approach and supported by the cost approach estimated the market value of the premises to be $222,000 as of October 1, 2000.
In clarifying the function of the trial court in a § 12-117a
appeal, our Supreme Court explained: "Section 12-117a, which allows taxpayers to appeal the decisions of municipal boards of tax review to the Superior Court, provide[s] a method by which an owner of property may directly call in question the valuation placed by assessors upon his property. . . . In a § 12-117a appeal, the trial court performs a two step function. The burden, in the first instance, is upon the plaintiff to show that he has, in fact, been aggrieved by the action of the board in that his property has been overassessed. In this regard, [m]ere overvaluation is sufficient to justify redress under [§ 12-117a], and the court is not limited to a review of whether an assessment has been unreasonable or discriminatory or has resulted in substantial overvaluation. Whether a property has been overvalued for tax assessment purposes is a question of fact for the trier. The trier arrives at its own conclusions as to the value of land by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and its own general knowledge of the elements going to establish value including his own view of the property.
Only after the court determines that the taxpayer has met its burden of proving that the assessor's valuation was excessive and that the refusal of the board of tax review to alter the assessment was improper may the court then proceed to the second step in a § 12-117a appeal and exercise its equitable power to grant such relief as to justice and equity appertains. . . . If a taxpayer is found to be aggrieved by the decision of the board of tax review, the court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the applicant's property. . . . If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation." (Citations omitted; internal quotation marks omitted.) Konover v. Town of West Hartford, 242 Conn. 727, 734-736, CT Page 102699 A.2d 158 (1997)
Before we can determine the fair market value of the subject property, we must first determine if the taxpayers have sustained their burden of establishing that the assessor has overvalued his or her property. Ireland v. Town of Wethersfield, 242 Conn. 550, 556, 698 A.2d 888
(1997).
In considering value, three recognized methods are used: (1) the comparable sales approach; (2) the income approach; and (3) the cost approach. Four D's, Inc. v. Mattera, 25 Conn. App. 308, 315, 594 A.2d 484
(1991). The plaintiffs presented no evidence as to any of these three approaches to value. This process utilized by the plaintiff in her attempt to show overvaluation seems to advocate a review more akin to an administrative appeal, rather than the trial de novo required by General Statutes § 12-117a. In an administrative appeal, the court reviews the action of the agency, and the sole function of the trial court is to determine if the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Department of Public Safety v. Freedom of Information Commission, 51 Conn. App. 100, 104, 720 A.2d 268 (1998). In an administrative appeal, the trial court may not retry the case. Id. In a trial de novo, the court is not limited to a review of the actions of the assessor and board of assessment appeals, but rather is charged with determining if the property was overvalued, and, if so, what is the true fair market value. "In a de novo proceeding, the trier of fact makes an independent determination of the matters on which the appeal was taken without regard for the action or decision of the lower tribunal." Konover v. West Hartford, supra, 242 Conn. 741. While the plaintiff in this case has attempted to show overvaluation by reviewing the actions of the town in its revaluation process and pointing out alleged inaccuracies, the court is unpersuaded by the plaintiffs' claim that the assessor has overvalued the plaintiff's property on the list of October 1, 2000. The plaintiffs have not met their burden of showing that the assessor overvalued their property.
Accordingly, the court finds no credible basis upon which to determine that the subject property was overvalued on October 1, 2000. Judgment may enter in favor of the defendant dismissing this appeal without costs to either party.
 ___________________ CREMINS, J.
CT Page 103